Gil Negrete, Esq.
**LAW OFFICES OF**
**GIL NEGRETE, P.C.**
Arizona State Bar No.: 026068
1001 North Central Avenue, Suite 660
Phoenix, Arizona 85004
E-mail: Gil@negretelawfirm.com
Phone: (602) 495-1005
Fax: (602) 253-4709

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUAN ARAUJO, Individually,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; **[**United States Postal Service,**]**; DAVID MORGAN FREEMAN, an Individual.<br><br>    Defendants. | NO:<br><br>**COMPLAINT** |

For his claim against Defendants, Plaintiff Stephanie Lucero alleges as follows:

### JURISDICTION AND VENUE

1.     This action is brought pursuant to Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.

2.     On February 1, 2021, Plaintiff submitted an Administrative Claim for the claim set forth below to the United States Postal Service.

3.     As of May 13, 2022, USPS has not tendered an offer for settlement. Plaintiff is properly filing this suit for recovery of damages in accordance with the FTCA.

4.     All conditions precedent and requirements under the FTCA have been met.

5.     Plaintiff is a resident of Pima County, Arizona.

1

6. Defendant is David Morgan Freeman a Postman with the United States Postal Service.

7. The United States of America and its United States Postal Service are appropriate Defendants under the FTCA.

8. The location of the incident and all relevant events, actions, and conduct complained of herein occurred in Tucson, Arizona in the County of Pima.

9. This Court has jurisdiction over this matter and venue is proper under 28 U.S.C. § 1346(b) and 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Arizona.

## **GENERAL ALLEGATIONS**

10. On May 14, 2020, at or about 3:30 p.m., Plaintiff was traveling west on Grant Rd. in Tucson, Arizona.

11. At the same time and place, USPS truck was exiting a private drive at Grant Rd. and Swan when it failed to yield to Plaintiff. Defendant collided with Plaintiff's vehicle.

12. Plaintiff sustained injuries as a result of the collision, some which are permanent in nature.

13. Pursuant to the Federal Tort Claims Act, on February 1, 2021, Plaintiff submitted a claim for damages to the United States Postal Service ("USPS").

## CAUSE OF ACTION

### COUNT ONE:  NEGLIGENCE

14. [Defendants] negligently operated his vehicle when he failed to yield to oncoming traffic from a private drive and keep a proper lookout to avoid colliding with Plaintiff.

15. [Defendants] negligence is the proximate cause of Plaintiff's injuries and damages alleged herein.

16. As a further direct and proximate cause of [Defendants] negligence, and each other Defendant named herein, Plaintiff sustained multiple severe physical and emotional injuries which caused pain, suffering, distress, mental and emotional anguish and anxiety, and a general impairment of the quality of life, some which may be permanent, all in an amount to be proven at trial.

### COUNT TWO:  NEGLIGENCE PER SE

17. A.R.S. § 28-774 is a statute enacted for the safety of motorists on the roadway in Arizona.

18. [Defendants] violated A.R.S. § 28-774 by failing to keep a proper lookout and failing to yield the right-of-way to avoid a collision and is negligent per se.

### COUNT THREE:  VICARIOUS LIABILITY

19. Plaintiffs re-alleges and incorporates paragraphs 1-18 above as if fully set forth herein.

21. At the time of the negligent act/conduct that injured Plaintiff, [Defendant Freeman] was acting within the course and scope of his employment with USPS and the United States of America.  As such, [Defendant Freeman's] actions and conduct was imputable to USPS and, in turn, the United States of America under the doctrine of Respondeat Superior.  Therefore, the United States of America is vicariously liable for Plaintiff's injuries.

As a proximate result of the negligence/acts and/or omissions of [Defendants] and the United States of America, as stated in counts one, two, and three above, Plaintiff sustained the following damages and injuries to be established by proof at trial:

a. Severe bodily and other personal injuries which caused and will continue to cause pain, suffering, distress, mental and emotional anguish and anxiety, and a general loss in the enjoyment of life;

b. Expenses for medical care, past and future;

c. For interest accruing on all damages until paid.

WHEREFORE, Plaintiff prays for judgment against Defendant**[s]** for the following:

(a) For Plaintiff's general and special damages;

(b) For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries and for future medical treatment and expenses;

(c) For Plaintiff Juan Araujo;

(d) For Plaintiff's costs incurred herein; together with interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

(e) Demands Jury Trial; and

(f) For such other and further relief as the Court deems just and proper.

Dated this 13th day of May, 2022.

**LAW OFFICES OF
GIL NEGRETE, P.C.**

By:_/s/ *Gil Negrete*__
       Gil Negrete, Esq.
       Attorney for Plaintiff